**Louis W. GERBER, Plaintiff,**

v.

**James F. CANFIELD, Defendant.**

**Civ. A. No. 70-439.**

United States District Court,
D. South Carolina,
Charleston Division.

Sept. 3, 1970.

Capers G. Barr, III, of Riley & Barr, and Thomas D. Wise, of Way, Burkett & Wise, Charleston, S. C., for plaintiff.

Joseph R. Young, of Young, Clement, & Rivers, Charleston, S. C., for defendant.

## ORDER

HEMPHILL, District Judge.

Defendant appeared before this court through counsel and moved to change the venue from the District of South Carolina to the Northern District of Illinois. His written motion is allegedly based "upon the grounds that the defendant is a resident of the City of Chicago, State of Illinois, and that the United States District Court for the District of South Carolina has no venue in the matter." He states, "Said motion will be based on the pleadings in the matter." No supporting affidavits accompanied the motion.

Plaintiff is a citizen of the state of Maryland and defendant is a resident of Illinois. Plaintiff seeks recovery for property damage and personal injuries

arising out of an automobile accident which occurred within the judicial district of South Carolina, Charleston Division. Jurisdiction is based solely on diversity of citizenship. Plaintiff's construction of the facts is that in August of 1968 plaintiff and defendant were on active duty with the United States Navy, stationed at Charleston, South Carolina. On the afternoon of August 29, 1968, both plaintiff and defendant attended a Ship's party at the Navy Short Stay Recreation Area in Berkeley County, South Carolina; both drank excessively. About 2:00 P.M. plaintiff reclined in the rear seat of his own automobile and fell asleep. Approximately an hour later near 3:00 P.M., defendant, without plaintiff's prior permission or knowledge, started the automobile and drove away with the plaintiff as an unconscious passenger in the rear seat. Defendant then proceeded to operate the automobile at a high and excessive rate of speed and caused it to collide with a telephone or power pole on South Carolina Highway 20 in Berkeley County, South Carolina, resulting in alleged property damage to the automobile and alleged permanent and disabling personal injury to plaintiff, for which he now seeks recovery.

■ Initially, the court rejects the theory of defendant that the District of South Carolina has no venue in the matter. Admittedly, the wreck out of which the alleged claim arises, took place in South Carolina. The 1966 amendment to 28 U.S.C. Section 1391(a) authorizes a civil action to be brought in the judicial district in which the claim arises (South Carolina is one judicial district) and provides:

A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all de-

fendants reside, or *in which the claim arose.* [Emphasis added.]

The wording of the statute projects neither confusion nor ambiguity. The court must examine as to other significant facts.

■ In order to prevail in his motion for change of venue, defendant must show by a preponderance of the evidence that a transfer will more conveniently serve the interests of the parties and witnesses and better promote the ends of to parties and witnesses and promotion justice. Both conditions (convenience of the ends of justice) must be proven before the moving party can prevail. 74 A.L.R.2d 16.

Plaintiff was not the moving party. Upon inquiry, counsel stated[1] that, in addition to plaintiff, ten (10) supporting witnesses would probably be called. Included, without specific naming were: a member of the South Carolina Highway Patrol who investigated the accident; an ambulance driver who drove plaintiff to a hospital; the Patient Affairs Officer of the United States Navy Hospital near Charleston who would authenticate and testify concerning hospital records of plaintiff's stay and treatment following the accident; a shipmate of plaintiff who attended the pre-accident imbibing and knows condition of the parties as to inebriation; a third occupant of the vehicle involved; Dr. Seigling of Charleston who would be asked to evaluate plaintiff's injuries; a witness at the party who will state that a naval officer present told defendant not to drive the car; two attending physicians, and a former roommate of plaintiff who would testify as to habits, conduct and previous condition of health. In addition, plaintiff evidenced an intention to ask the court to have the jury examine the scene of the collision.

---

1. Neither party furnished supporting affidavits. The court inquired of defendant's counsel if an affidavit were required and was told the same was not re-quired, that statements of plaintiff's counsel would be accepted in lieu of an affidavit.

28 U.S.C. Section 1404(a)[2] is generally known as the Forum Non Conveniens Doctrine, and prescribes authority for the court to adjust venue to the ends of justice. This section, however, cannot be used by a defendant to defeat advantages accruing to a plaintiff who has chosen a forum which, though inconvenient to defendant, is a proper forum. Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). Certainly there is an appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055, 1063, (1947).

The plaintiff has made a choice of forum, and in that forum is the situs of the conduct complained of. As the late Judge Wyche noted in White v. Employers' Liability Assur. Corp., 86 F. Supp. 910 (E.D.S.C.1949), the scene of the events upon which the action is based could be important. A view may be necessary. Cinema Amusements, Inc. v. Loew's, Inc., 85 F.Supp. 319 (D.Del. 1949). See also Mims v. Proctor and Gamble Distributing Company, 257 F. Supp. 648, 657 (D.S.C.1966), and cases cited therein. Admittedly there is little before the court at this time to warrant a decision on this factor alone, but plaintiff's counsel has indicated a purpose to view the scene.

On the record before the court at this time the convenience of witnesses to a South Carolina courtroom is a recognized fact. To be sure the convenience of witnesses is not weighed from the standpoint of the greater number of witnesses involved, but from consideration of the qualitative value of the testimony of particular witnesses. Glicken-

haus v. Lytton Financial Corp., 205 F. Supp. 102 (1962). Of most importance in considering convenience to witnesses is the greatest convenience to the greatest number of material witnesses on the issue of liability. Van Dusen v. Barrack, supra. The convenience of the moving party's witnesses alone is not sufficient reason for granting a change of venue; the entire situation must be looked at and due consideration given to convenience of witnesses for each party. 74 A.L.R.2d 16. That which is hoped for is to find the forum in which inconveniences of all of the parties and witnesses may be at an irreducible minimum. Mims v. Proctor and Gamble, supra.

In considering convenience to the parties and witnesses, distance from the court, availability of transportation, traveling expenses, and ability to meet financial expenses of witnesses away from their homes during the course of the trial are important. 74 A.L.R.2d 16. In the circumstances of this particular case, defendant alone would be convenienced by a transfer to Illinois. Numbers of the plaintiff's material witnesses are located in South Carolina. The expense of transporting these witnesses to Illinois from South Carolina would be great and would entail loss of time by the witnesses from their regular employment. Should any of them refuse or be unable to go to Illinois, their testimony would have to be in the form of depositions, not as effective as live testimony, and would also require additional expense.

A promotion of the interests of justice, as well as convenience to parties and witnesses, must be shown to justify a change of venue. Interests of justice encompasses such considerations as the condition of court calendars;[3] the desire or need for a view by the jury;

---

2. 28 U.S.C. § 1404. *Change of venue*
   (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

3. The court will take judicial notice of the fact that, in the District of South Carolina, a civil case can now reach trial within 6 months from date of initial filing.

the advantage of having jurors of the vicinage pass on the credibility of witnesses; the need of having testimony by deposition if the change is granted; the location, accessibility, and availability of documentary evidence, such as hospital records; and a party's financial inability to transport witnesses if the trial is not held where he wants it to be held. 74 A.L.R.2d 16.

The location and relative accessibility and availability of various records and documents—in this case plaintiff's hospital records—allegedly necessary evidence at the trial, are factors to be considered with respect to the promotion of the ends of justice. It could be difficult or inconvenient to transport these records, difficult or impossible to refer to or produce them if the trial were not held where they are located or where reference to them could be facilitated. 74 A.L.R.2d 16.

This court finds that convenience, justice and fairness direct that the plaintiff's choice of forum be honored. This is a South Carolina case and the ends of justice can best be served by trial in that state.

Motion denied.