Angela Lee AVANT, Plaintiff,

v.

The TRAVELERS INSURANCE COMPANY, Defendant.

Civ. A. No. 2:87–1141–8.

United States District Court,
D. South Carolina,
Charleston Division.

Sept. 9, 1987.

Mark A. Mason, Mt. Pleasant, S.C., M. Lee Robertson, Jr., Charleston, S.C., for plaintiff.

William C. Helms, III, Charleston, S.C., for defendant.

### ORDER

BLATT, Chief Judge.

This matter is before the court upon the defendant's motion for a change of venue pursuant to 28 U.S.C. § 1404(a). The de-

fendant filed a memorandum in support of the motion and the plaintiff filed a memorandum in opposition to the motion. The parties were represented by their respective counsel who appeared before the court on September 3, 1987. After a review of the evidence of record, this court denies the defendant's motion to change venue.

This action arose out of the death of Bonita Gail Skipper on August 21, 1981, in Wilmington, North Carolina. At the time of her death, Mrs. Skipper was employed by General Electric Corporation in Wilmington, North Carolina, and was covered by a group accidental death insurance policy issued by the Travelers Insurance Company. The plaintiff is the deceased's daughter and is listed as the beneficiary of the deceased's insurance coverage. The defendant refused to pay the plaintiff's claim, and this action was instituted.

On June 11, 1987, the defendant requested the court to transfer this action from Charleston, South Carolina, to Wilmington, North Carolina, pursuant to 28 U.S.C. § 1404(a), which reads as follows:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The parties do not dispute that this action could have been brought in Wilmington, North Carolina; therefore, the court must determine whether the other requirements of the statute have been met.

In making this inquiry, the court notes that the moving party has the burden of establishing whether there should be a change of venue. *Milliken & Co. v. F.T.C.*, 565 F.Supp. 511 (D.S.C.1983), citing *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir.1978) and *Ford Motor Co. v. Ryan*, 182 F.2d 329, 330 (2d Cir. 1950), cert. denied, 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed.2d 624 (1950). Generally, the test of whether an action should be transferred to another jurisdiction is one of balancing convenience. Unless the balance is strongly in favor of the movant, the plaintiff's choice of forum should rarely be disturbed. *Joye v. First Commodity Corp. of Boston*, 81 F.R.D. 118 (D.S.C.1978); *Cunningham v. Ford Motor Co.*, 413 F.Supp. 1101 (D.S.C.1976), citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947); *Morehead v. Barksdale*, 263 F.2d 117 (4th Cir.1959).

Accordingly, the movant must convince this court that the convenience of the parties and witnesses warrants a change of venue. In order to meet this burden, the movant should submit, through affidavits from the witnesses and/or parties involved, the following information:

1. the name of the witness or party;
2. the subject matter to which he or she will testify;
3. a statement from the affiant as to why or to what extent he or she will be inconvenienced by moving the case to another district or allowing the case to remain in the district where it was brought.

This court, without such information, cannot accept the naked assertion by movant's counsel that the convenience of the parties and witnesses, and the interest of justice, warrant a transfer. The court needs the specific information mentioned above by the persons providing such statements. "In view of the heavy burden imposed upon the movant, the factual content of a supporting affidavit is very important." *Texas Gulf Sulpher Co. v. Ritter*, 371 F.2d 145 (10th Cir.1967), citing *Chicago, Rock Island & Pacific Railroad Co. v. Hugh Breeding, Inc.*, 232 F.2d 584 (10th Cir.1956) and cited in *Milliken*, 565 F.Supp. at 517. In this court's opinion, the defendant has failed to establish by affidavit, or otherwise, that the balance of convenience tips strongly in its favor. The defendant has not introduced any evidence of record on the issue of convenience other than its allegations within the memorandum attached to the motion to change venue. Accordingly, the court has nothing upon which to base a transfer.

Nevertheless, at the hearing of this matter, counsel for the defendant asked this court to take judicial notice of the fact that witnesses will have to be brought from North Carolina to South Carolina and that

it cannot compel these witnesses to attend because they will be outside of this court's jurisdiction. This argument is answered in *Chicago, Rock Island & Pacific Railroad Co.*, 232 F.2d at 588, where the court stated:

> In the absence of any showing as to materiality of the evidence of these twenty witnesses, merely stating that the railroad is compelled to transport ten of its employees to Oklahoma and that it may not be able to compel the attendance of the ten nonemployee witnesses is not sufficient for us to conclude that the trial court abused its discretion in refusing to transfer the case to the Kansas court.

Accordingly, for the above-mentioned reasons, the defendant's motion to transfer venue is hereby denied.

AND IT IS SO ORDERED.