**FAIRCHILD SEMICONDUCTOR CORPORATION, Plaintiff,**

v.

**NINTENDO CO., LTD. and Nintendo of America, Inc., Defendants.**

**Civ. A. No. 2:92–2575–18.**

United States District Court, D. South Carolina, Charleston Division.

Dec. 18, 1992.

Thomas S. Tisdale, Jr., Charleston, SC, for plaintiff.

John P. Linton, Charleston, SC, for defendants.

### ORDER

NORTON, District Judge.

This matter is before the court on defendants' motion for change of venue.

### I. BACKGROUND

This is a patent infringement case brought by Fairchild Semiconductor Corporation (hereinafter "Fairchild"), a Delaware corporation,[1] against Nintendo of America,

---

**1.** Fairchild asserts that it has no "home" forum for purposes of this litigation. Fairchild has gone through a series of reorganizations and

ownership changes, the last of which occurred in 1987 when National Semiconductor Corporation purchased Fairchild. Presently, Fairchild

Inc. (hereinafter individually "NOA") and Nintendo Co., Ltd. (hereinafter individually "NCL"), (hereinafter collectively "Nintendo"). NOA is a Washington corporation, with its principal place of business in Washington. NCL is a Japanese company with its principal place of business in Kyoto, Japan. The patent-in-suit, No. 4,095,-791, "Cartridge Programmable Video Game Apparatus" (hereinafter "791 patent"), was invented by Ronald A. Smith and Nicholas F. Talesfore, both of California. Plaintiff alleges that video games developed and made by NCL in Japan, and distributed through out the United States by NOA, infringe the 791 patent.

## II. ANALYSIS

■ Defendants move, pursuant to 28 U.S.C. § 1404(a), to transfer this action to the United States District Court for the Western District of Washington in Seattle. Section 1404(a) provides that a district court may transfer any civil action to any other district where the action may have been brought initially,[2] (1) for the convenience of the parties; (2) for the convenience of the witnesses; and (3) in the interests of justice. *See Bennett v. Bally Mfg. Corp.*, 785 F.Supp. 559, 562 (D.S.C. 1992).

Fairchild filed this action in South Carolina for two reasons, specifically stating in its memorandum of law:

(1) [t]here is a substantial continuing infringement of the [791] patent on a daily basis due to Nintendo's sales of ... game consoles and cartridges within this judicial district [and]

(2) [t]he [791] patent expires in 1995 and this [c]ourt's docket affords Fairchild the best opportunity to adjudicate its claims before the end of the patent's term.

Fairchild's Memorandum in Opposition, p. 15. When weighed against the factors of § 1404(a), however, these reasons do not allow Fairchild to maintain its action in South Carolina. For reasons stated more

is a Delaware corporation with no operating assets. Fairchild's officers reside in California (being actively engaged as officers of National Semiconductor Corporation).

fully below, the court grants defendants' motion for change of venue.

### A. Convenience of Parties and Witnesses

The location of the employees of the parties and witnesses who will be examined before trial or at trial, the location of the documents and exhibits which must be used or produced by the parties before trial, and the contact which the parties have with the alternative forum all indicate that this action should be transferred to Seattle, Washington.

#### 1. Witnesses

Fairchild has, at present, identified four witnesses that may be called to testify at trial on its behalf. None of these witnesses reside in South Carolina. Larry Haskell resides in Connecticut. Gene Landrum resides in Florida, but has filed an affidavit stating that he is willing to go to Washington for trial. Nick Talesfore and Jerry Lawson reside and work near San Francisco, California. Fairchild further states that any Nintendo witnesses it may call to testify will reside in either Washington or Japan.

Defendants have identified eight witnesses that may be called to testify at trial. Again, none of these witnesses reside in South Carolina. Minoru Arakawa, Howard Lincoln, Peter Main and Lance Barr are all employees of NOA and reside in Washington. Masayuki Uemura, Yoshihiro Inoue, Konichiro Ashida and Masayuki Yukawa are all employees of NCL and reside in Japan.

#### 2. Documents and Exhibits

Nintendo's documents are located in either Washington or Japan. Fairchild has no operating "home" state, but counsel admitted at oral argument that none of Fairchild's documents are located in South Carolina.

2. It appears to be undisputed that this action could have been brought in the Western District of Washington initially.

### 3. Parties' Contact, or Lack Thereof, to South Carolina and the Alternative Forum of Washington

■ Fairchild, itself, has no contact with South Carolina. The defendants have minimal contacts within the state of South Carolina. Nintendo does sell its products and conduct promotional efforts in South Carolina, just as it does in every other state.[3] Nintendo states that less than one percent (1%) of nationwide sales of allegedly infringing goods are sold in South Carolina. Sales alone are generally not enough to establish a material connection to the forum especially if defendants' goods are sold in many states. *See Boreal Laser, Inc. v. Coherent, Inc.*, 1992 WL 9375, 1992 U.S.Dist. LEXIS 276, 22 U.S.P.Q.2d 1559 (S.D.N.Y.1992); *See also Colorplast v. Amoena Corp.*, 1992 WL 346359, 1, 1992 U.S.Dist. LEXIS 17587, 3 (S.D.N.Y.1992) (citing *Boreal* and holding that sales of allegedly infringing products which represented 1.02% of total sales were insufficient to establish a material connection with the plaintiff's selected forum).

### B. Interests of Justice

The interests of justice also require that this case be transferred to Washington. The ease of access to sources of proof, the availability of compulsory process, the costs and practical problems of litigation, and the state of the respective trial calendars all point to Washington as being the more appropriate forum for this action.

■ Fairchild stated that its main reason for filing this action in South Carolina was to get a trial before its patent expires in 1995. While not alone a sufficient basis for transferring venue, courts have held that the status of the docket of a competing forum is relevant in determining whether, in the interest of justice, venue should be transferred. *See, e.g., McDevitt & Street Co. v. Fidelity and Deposit Co. of Md.*, 737 F.Supp. 351, 357 (W.D.N.C.1990)

(where only two month difference in median time to trial, administrative difficulties of court congestion were insignificant for purposes of transfer motion); *Exide Corp. v. Electro Serv., Inc.*, 596 F.Supp. 1404, 1405 (E.D.Pa.1984); *St. Cyr v. Greyhound Lines, Inc.*, 486 F.Supp. 724, 727 (E.D.N.Y. 1980).

There is no substantial difference between the respective trial calendars in this action. As indicated by the most recent statistics, the Western District of Washington has fewer civil cases pending than this District. 1991 Annual Report of the Director of the Administrative Office of the United States Courts, p. 186–87. There is not a significant difference in the time it takes civil cases to reach trial in the two districts. The median interval of time to trial in this District is fifteen (15) months, and in the Western District of Washington, seventeen (17) months. *Id.* at 210–11.[4] In view of the facts of this case relevant to venue, a difference of two months in median time to trial is insignificant. Fairchild can easily expect to reach its stated goal of a trial in the Western District of Washington well prior to the expiration of its patent in 1995.

### C. Summary

In *Bennett*, this court stated:

While it is true that a plaintiff's choice of forum is entitled to great deference, that choice is not unfettered. Where a defendant is able to show that the convenience of parties and witnesses and the interests of justice weigh heavily in favor of a transfer, the plaintiff's choice must give way to the important objective of judicial economy.

785 F.Supp. at 563.

■ The court finds that the balance weighs heavily in favor of the defendants, for in this case, transfer would promote the just and efficient conduct of this patent

---

**3.** Nintendo employs four part-time people who reside in South Carolina. These employees, however, have no authority to bind Nintendo to contractual obligations.

**4.** Defense counsel stated during oral argument that the most recent statistics of 1992 establish that the median time to trial in the Western District of Washington is thirteen (13) months and, in South Carolina, is eleven (11) months. The two month difference has not changed.

**176**

infringement litigation. The defendants have shown that the convenience of parties and witnesses and the interests of justice collectively indicate that the Western District of Washington is a much more appropriate forum for this cause of action.

### III. CONCLUSION

It is, therefore,

ORDERED, that defendants' motion to change venue to the United States District Court for the Western District of Washington in Seattle be GRANTED.

AND IT IS SO ORDERED.