**FIGGIE INTERNATIONAL, INC., Plaintiff,**

v.

**DESTILERIA SERRALLES, INC., Defendant.**

**C.A. No. 2:96–0330–1.**

United States District Court,
D. South Carolina,
Charleston Division.

May 2, 1996.

B.C. Killough, Barnwell, Whaley, Patterson & Helms, Charleston, SC, for plaintiff.

Carlos R. Rios Gautier, Hato Rey, Puerto Rico, Marvin I. Oberman, Charleston, SC, for defendant.

## ORDER

HAWKINS, Senior District Judge.

This matter is before the court on defendant's 28 U.S.C. § 1404 motion to transfer venue of the case to the District of Puerto Rico or, in the alternative, to dismiss the action for lack of proper venue as defined by 28 U.S.C. § 1391(a). The court has considered the pleadings, memoranda, exhibits, and affidavits presented to the court regarding the venue motion. Upon review of these materials, the court determines that oral argument would not aid the court in its determination of these venue issues. After such examination, the court hereby DENIES defendant's alternative motions regarding venue.

### 1) BACKGROUND

This case stems from a business contract dispute. Plaintiff and defendant entered into a contract under which plaintiff—a manufacturer of bottle-labeling equipment, *inter alia*—was to provide defendant—a bottler of rum, *inter alia*—supplied defendant with certain bottle-labeling equipment. It is undisputed that the equipment ultimately did not perform as expected and that plaintiff removed the equipment from defendant's place of business.

The crux of this litigation concerns the remedies available to defendant as a result of the equipment's failure to function as promised. Plaintiff filed this lawsuit in federal court in the District of South Carolina on February 7, 1996. On March 22, 1996, defendant filed an answer and counterclaims, as well as the instant *Motion to Transfer Venue.*

### 2) APPLICABLE LAW

Defendant's motion actually requests two alternative forms of relief:

(1) dismissal of the suit due to its being filed in an improper venue, pursuant to 28 U.S.C. § 1391(a).

or (2) a transfer of venue to the District of Puerto Rico for the "convenience of parties and witnesses", pursuant to 28 U.S.C. § 1404.

Plaintiff bases its claim of proper venue in the District of South Carolina, Charleston Division, pursuant to 28 U.S.C. § 1391(a)(2). That statute provides, in pertinent part:

A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in . . . . (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .

Plaintiff, therefore, asserts that a "substantial part" of the activities leading up to this suit took place in the District of South Carolina. Defendant counters first that only Puerto Rico (and not South Carolina) would be the venue in which "substantial events" took place. Defendant then asserts that, even if venue in South Carolina would be *proper*, the District of Puerto Rico would be the more *appropriate* forum, taking into account the "convenience of parties and witnesses". 28 U.S.C. § 1404.

Insomuch as the analysis undertaken for these two alternative forms of relief is somewhat different, the two remedies sought will be handled separately.

### A) DEFENDANT'S CLAIM THAT VENUE IN SOUTH CAROLINA IS IMPROPER

As this court recently held, "[w]hen venue is challenged, it is the burden of the plaintiff to prove that venue is proper in the forum state." *Sheppard v. Jacksonville Marine Supply, Inc.,* 877 F.Supp. 260, 269 (D.S.C.1995) (Norton, J.). Judge Norton goes on to point out that § 1391(a) does **not** require that the court determine that venue would only properly lie in one judicial district. *Id.*

Having reviewed the facts presented in this matter, the court is convinced that South Carolina is an appropriate venue for this dispute. Both plaintiff's and defendant's memoranda are replete with documents— including correspondence and invoices—that were either sent from or received in South Carolina. The court is persuaded by plaintiff that venue is proper in this district. Plaintiff's base of operations for the negotiation of the contract and for the coordination of the

engineering, manufacturing, and shipping of the bottling equipment took place in Charleston, South Carolina. *See, Affidavit of Michael Trigiani.* [1]

The court further agrees with Judge Norton's holding in *Sheppard, supra,* that it is unnecessary that it find South Carolina to be the **only** district in which venue would be appropriate. A review of the activities that took place in Puerto Rico reveals that it too would be an appropriate forum and venue for this contractual dispute to be tried. This does not mean, however, that South Carolina is not also appropriate. This point is made clear by the comments to the 1990 revisions to section 1391:

> The fact that substantial activities took place in district B [e.g. Puerto Rico] does not disqualify district A [e.g. South Carolina] as proper venue as long as "substantial" activities took place in A, too. Indeed, district A should not be disqualified even if it is shown that the activities in district B were more substantial, or even the most substantial. Any other approach would restore the pinpointing problem that created the difficulties under the now discarded "claim arose" standard. If the selected district's contacts are "substantial", it should make no difference that another's are more so, or the most so.

David D. Siegel, *Commentary on the 1988 and 1990 Revisions of Section 1391, Subdivision (a), Clause (2),* quoted in 28 U.S.C.A. § 1391 (1993).

Accordingly, the court holds that insomuch as a "substantial" portions of the events surrounding this suit took place in South Carolina, venue is proper in the District of South Carolina. Defendant's request that the matter be dismissed for lack of proper venue in this district is hereby DENIED.[2]

### B) DEFENDANT'S REQUEST THAT VENUE BE TRANSFERRED TO PUERTO RICO PURSUANT TO 28 U.S.C. § 1404

Defendant requests that the court transfer venue in this matter to Puerto Rico pursuant to 28 U.S.C. § 1404(a). That section states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

■ To prevail on a motion to change venue pursuant to § 1404, the "defendant must show by a preponderance of the evidence" that the proposed transfer will better and more conveniently serve the interests of the parties and witnesses and better promote the interests of justice. *Gerber v. Canfield,* 315 F.Supp. 1175, 1177 (D.S.C.1970); *Fairchild Semiconductor Corp. v. Nintendo Co., Ltd.,* 810 F.Supp. 173 (D.S.C.1992).

■ Deciding whether an action should be transferred requires the court to balance the relative convenience of the district in which the action was filed with the convenience of the proposed transferee district. In making the determination as to whether a § 1404 motion should be granted, the "plaintiff's choice of forum should rarely be disturbed"

---

**1.** While the parties disagree as to whether the contract that is at the heart of this dispute was entered into in South Carolina or in Puerto Rico, a determination of this issue is unnecessary at this juncture. Section 1391 does not list as a requirement for proper venue the "district in which a disputed contract was entered".

Although the place of negotiation and performance of a contract certainly should be considered in determining where "a substantial part of the events or omissions giving rise to the claim occurred", the legally-technical issue of where the contract was "formed" is not the lynchpin to a determination of venue.

**2.** Plaintiff further asserts that venue would also be appropriate under 28 U.S.C. § 1391(c). Given the court's decision that venue is proper in

South Carolina, the court need not reach that argument. As an aside, however, the court notes that the § 1391(c) test of a corporate defendant's residence "applies only when the plaintiff has opted to lay venue in the defendant's district of residence, which the plaintiff can do.... in a diversity case under subdivision (a)[(1)]...." Siegel, *Commentary on the 1988 and 1990 Revisions of Section 1391, supra.* As such, the court notes that § 1391(c) has no applicability to this case.

Similarly, the court need not consider defendant's response to plaintiff's mention of § 1391(c). As that response delves into the issue of the court's personal jurisdiction over defendant, and as no motion to dismiss for lack of personal jurisdiction is before the court, that issue will not be considered by the court.

unless "the balance is strongly in favor of the movant." *Avant v. Travelers Ins. Co.*, 668 F.Supp. 509, 510 (D.S.C.1987) (Blatt, J.).

 As further noted by this court, through then-Chief Judge Blatt, in the *Avant* case, the moving party in a § 1404 motion "should submit, through affidavits from the witnesses and/or parties involved" information detailing to the court "why or to what extent he or she will be inconvenienced by moving the case to another district or allowing the case to remain in the district where it was brought." *Id.* Without such information submitted through affidavit of the parties and witnesses concerned, the court cannot transfer the venue for "convenience of the parties or witnesses." Affidavits from the concerned parties and/or witnesses is important in determining whether the moving party has met its burden of proof. Counsel's assertions of hardship, without affidavits from the parties and/or witnesses who are purportedly going to be inconvenienced, is insufficient to convince the court that venue should be changed.

In the instant matter, the only bit of "testamentary" evidence submitted by defendant is the "Unsworn Declaration" of defendant's Senior Vice President and Secretary, Alberto J. Torruella. Much of Mr. Torruella's declaration pertains to the facts surrounding the entering into the contract with plaintiff. Mr. Torruella does state that "almost all potential witnesses to be used by Serralles in the defense of this matter as well as in the prosecution of the counterclaim to be filed against Figgie, are residents of and are domiciled in Puerto Rico." *Declaration of Torruella*, at ¶ 9.

The court finds that the declaration of Mr. Torruella is insufficient to satisfy the burden of proof that the law places on a moving party in a motion to transfer venue. Mr. Torruella cannot—nor does he purport to—speak on behalf of other potential witnesses. Viewing this declaration along with the memoranda submitted, the court holds that defendant has not met its burden of convincing the court that the matter should be transferred to the District of Puerto Rico.

While many of the witnesses defendant intents to call at trial may well reside in Puerto Rico, the court is also mindful that plaintiff has named several witnesses who reside in South Carolina. The court notes that plaintiff has not provided any affidavits concerning the relative convenience or hardship upon the potential witnesses of a Puerto Rico forum versus the South Carolina forum.

This lack of evidence for plaintiffs does not, however, tip the scale the other way. As discussed above, the burden of proof is on the moving party—the defendant—to demonstrate that the matter should be transferred to Puerto Rico. This burden has not been met. As such, defendant's request that this matter be transferred to the District of Puerto Rico pursuant to 28 U.S.C. § 1404 is hereby DENIED.

AND IT IS SO ORDERED.