**Julie Mae HELSEL and Larry G. Helsel, Sr., Plaintiffs,**

v.

**TISHMAN REALTY & CONSTRUCTION CO., INC., and Tishman Hotel Corp., Defendants.**

**No. CIV.AMD 02–562.**

United States District Court, D. Maryland.

May 13, 2002.

William J. Blondell, Jr., Law Office, Henry Walter Blondell, Baltimore, MD, for Plaintiffs.

William Carlos Parler, Jr., Parler and Wobber LLP, Towson, MD, for Defendants.

## MEMORANDUM

DAVIS, District Judge.

This diversity action for damages was instituted by plaintiffs, Julie Mae Helsel and Larry Gordon Helsel, Sr., against defendants Tishman Realty & Construction Co., Incorporated and Tishman Hotel Corporation, in connection with an accident at one of defendants' resort properties. located in Puerto Rico. Specifically, Mrs. Helsel, a resident of Baltimore, traveled to Puerto Rico in May 1999 to attend a convention. She fell and suffered serious injury as she was entering the bathtub in her hotel room. Plaintiffs allege that defendants' negligence caused Mrs. Helsel's injuries. Now before the court is defendants' motion to dismiss and/or to transfer the case to the United States District Court for the District of Puerto Rico pursuant to 28 U.S.C. § 1404(a).

Under § 1404(a), a district court may transfer any civil action to any other district or division where it might have been brought for the convenience of parties and witnesses and in the interest of justice. "To prevail on a motion to change venue pursuant to § 1404, the 'defendant must show by a preponderance of the evidence' that the proposed transfer will better and more conveniently serve the interests of the parties and witnesses and better promote the interests of justice." *Figgie Int'l, Inc. v. Destileria Serralles, Inc.*, 925 F.Supp. 411 (D.S.C.1996) (citations omitted)(declining to transfer case from South Carolina to Puerto Rico); *Merkur v. Wyndham Int'l, Inc.*, 2001 WL 477268 (E.D.N.Y. March 30, 2001) (refusing to transfer slip and fall claim to Puerto Rico where defendant operated more than 200 hotel properties around the world). The convenience factors courts consider in applying § 1404(a) include: "1) the plaintiff's choice of forum; 2) relative ease of access to sources of proof; 3) availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing and unwilling witnesses; 4) possibility of a view of the premises, if appropriate; 5) enforceability of a judgment, if one is obtained; 6) relative advantage and obstacles to a fair trial; 7) other practical problems that make a trial easy, expeditious, and inexpensive; 8) administrative difficulties of court congestion; 9) local interest in having localized controversies settled at home; 10) appropriateness in having a trial of a diversity case in a forum that is at home with the state law that must govern the action; and 11) avoidance of unnecessary problems with

conflicts of laws." *Choice Hotels Int'l, Inc. v. Madison Three, Inc.*, 23 F.Supp.2d 617, 622 n. 4 (D.Md.1998) (citing *Plant Genetic Sys., N.V. v. Ciba Seeds*, 933 F.Supp. 519, 527 (M.D.N.C.1996); *see Etienne v. Wolverine Tube, Inc.*, 12 F.Supp.2d 1173, 1182 (D.Kan.1998) (quoting *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir.1991)).

Defendants have submitted a conclusory affidavit from the claims manager of the hotel where the incident occurred in support of their motion. The affidavit mentions the "hardship" on witnesses who would have to "fly" to Maryland, and notes the potential language difficulty facing unspecified defense witnesses, for whom English is not a first language. Defendant's showing is wholly insubstantial; the party seeking a change of venue is required to submit " 'affidavits from the witnesses and/or parties involved' [that contain] information *detailing* to the court 'why or to what extent he or she will be inconvenienced by . . . allowing the case to remain in the district where it was brought.' " *Figgie Int'l*, 925 F.Supp. at 414 (quoting *Avant v. Travelers Ins. Co.*, 668 F.Supp. 509, 510 (D.S.C.1987))(emphasis added). "Counsel's assertions of hardship, without affidavits from the parties and/or witnesses who are purportedly going to be inconvenienced, is insufficient to convince the court that venue should be changed." *Id.*

In any event, I am persuaded that the balance of convenience militates against a change of venue. Arguably, the following factors point to trial in Puerto Rico, but the accompanying parenthetical comments diminish the force of several of the factors: (1) convenience of fact witnesses (there were no eyewitnesses to the accident other than Mrs. Helsel); (2) access to evidence; (3) a possibility of a view of the premises, if appropriate (none seems "appropriate" in this case); (4) local interest in having localized controversies settled at home (this dispute is in no sense "localized"); and, (5) avoidance of unnecessary problems with conflict of laws (defendants have not suggested that application of the substantive law of Puerto Rico by a jury in this district will pose serious difficulty, or any difficulty at all). On the other hand, plaintiffs point to the fact that Maryland is their preferred forum (and their home forum) and that their expert witnesses and treating physicians are located here. Plaintiffs also assert that litigating the case in Puerto Rico "would be a severe financial burden," and that the "action . . . is a relatively simple tort violation [sic]." On balance, the analyses of the courts in *Figgie Int'l* and *Merkur, supra*, in declining to transfer cases from South Carolina and New York, respectively, to the Commonwealth of Puerto Rico are highly persuasive. Accordingly, the motion to dismiss shall be denied and the alternative request for a transfer of venue shall likewise be denied.[1]

## ORDER

In accordance with the foregoing Memorandum, it is this 13th day of May, 2002, by the United States District Court for the District of Maryland, ORDERED

(1) That THE MOTION TO DISMISS AND THE MOTION TO TRANSFER ARE DENIED; and it is further ORDERED

(2) That DEFENDANTS SHALL ANSWER THE COMPLAINT ON OR BE-

---

1. Defendants' argument that Puerto Rico's one year statute of limitations applies to this case filed in Maryland is misplaced. *See, e.g., Maltas v. Maltas*, 197 F.Supp.2d 409, 422 (D.Md.2002)(applying Maryland statute of limitations to claim arising under Connecticut law)(collecting cases).

FORE JUNE 3, 2002; and it is further ORDERED

(3) That the Clerk shall TRANSMIT copies of this Order and the foregoing Memorandum to the attorneys of record.