Telaya V. BROWN

v.

Jeffrey A. STALLWORTH, et al.

No. CIV.A. DKC20023100.

United States District Court,
D. Maryland.

Dec. 12, 2002.

Bruce L. Marcus, Tara A. Harrison, Marcus and Bonsib, Greenbelt, MD, for Plaintiff.

Kathleen A. Carey, Jordan Keys and Jessamy LLP, Washington, DC, Stephen Salvatore McCloskey, Simms Showers LLP, Baltimore, MD, Richard E. Schimel, Budow and Noble PC, Bethesda, MD, for Defendants.

## MEMORANDUM OPINION

CHASANOW, District Judge.

Presently pending and ready for resolution is the motion of Defendant Jeffrey A. Stallworth to dismiss this case for improper venue or on the grounds of *forum non conveniens* or, in the alternative, to transfer venue. The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the motion will be denied.

## I. Background

Plaintiff Telaya V. Brown filed this suit in the Circuit Court for Prince George's County, against Stallworth, the Mississippi Conference of the United Methodist Church ("Mississippi Conference") and Anderson United Methodist Church ("Anderson Methodist").[1] Plaintiff alleged claims for assault and battery (all defendants), false imprisonment (Stallworth), intentional infliction of emotional distress (Stallworth), negligent retention (Mississippi Conference and Anderson Methodist), and negligent supervision (Mississippi Conference and Anderson Methodist).

Plaintiff, a resident of Maryland, alleges in her complaint that she met Defendant Stallworth, a reverend at Anderson Methodist, in August 2001, at a family reunion in Jackson, Mississippi. Stallworth learned that Plaintiff was in the business of insurance, and the marketing and sale of insurance products. Plaintiff alleges that he, as an agent of Anderson and the Mississippi Conference, expressed interest in working with her company, TGIS, Inc. Following an announcement by Stallworth at services that the church was in the process of obtaining insurance policies for dependent children of church members, Stallworth spoke by telephone with Plaintiff and requested to meet with her on an expedited basis. Plaintiff began preparations by searching competitive insurance rates to prepare a proposal.

Plaintiff alleges that, on or about August 13, 2001, Stallworth traveled to Maryland for the purpose of meeting with Plaintiff on church related insurance matters. He had advised Plaintiff that he had made reservations at a local hotel. Upon arrival, however, he told her that the hotel had mistakenly misplaced his reservation and the hotel had no vacancies. He asked if it were possible for him to stay in her home. Plaintiff agreed to allow him to stay in a guest bedroom in her house.

1. A similar suit was simultaneously filed in Mississippi state court.

On or about August 14, 2001, Stallworth met with Plaintiff and a manager of an insurance company in Fairfax, Virginia. In the early morning hours of August 15, 2001, after Plaintiff had gone to sleep, Plaintiff alleges that Stallworth entered her bedroom without permission, climbed into her bed, and awakened her by rubbing his erect penis against her. He then forcibly turned Plaintiff onto her back, forcibly removed her clothing, pinned her down on the bed and forced her to engage in intercourse against her will and without her consent. The complaint alleges that another nonconsensual sexual act followed and that Stallworth ignored Plaintiff's repeated pleas to stop. On or about March 4, 2002, Stallworth entered a plea of guilty to a sexual offense in the Circuit Court for Prince George's County and admitted that he sexually battered Plaintiff.

Plaintiff's civil suit was removed to this court on September 19, 2002 on the basis of diversity of citizenship. Stallworth now moves to dismiss this case on the basis of improper venue or *forum non conveniens,* or in the alternative, to transfer the case to the United States District Court in Mississippi.

## II. Standard of Review

Defendant cites to 28 U.S.C. §§ 1404 and 1406, as well as FED.R.CIV. P. 12(b)(3) and the doctrine of *forum non conveniens* to support his requested relief. The parties agree that the standard enunciated by Judge Davis in *Helsel v. Tishman Realty Construction Co., Inc.,* 198 F.Supp.2d 710, 711 (D.Md.2002), for 28 U.S.C. § 1404(a) is complete and accurate:

> Under § 1404(a), a district court may transfer any civil action to any other district or division where it might have been brought for the convenience of parties and witnesses and in the interest of justice. "To prevail on a motion to change venue pursuant to § 1404, the 'defendant must show by a preponderance of the evidence' that the proposed transfer will better and more conveniently serve the interests of the parties and witnesses and better promote the interests of justice." *Figgie Int'l, Inc. v. Destileria Serralles, Inc.,* 925 F.Supp. 411 (D.S.C.1996) (citations omitted) (declining to transfer case from South Carolina to Puerto Rico); *Merkur v. Wyndham Int'l, Inc.,* 2001 WL 477268 (E.D.N.Y. March 30, 2001) (refusing to transfer slip and fall claim to Puerto Rico where defendant operated more than 200 hotel properties around the world).

Alternatively, a court may dismiss an action under the doctrine of *forum non conveniens* when the relevant public and private interests strongly favor trial in an alternative forum. *See Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); *Kontoulas v. A.H. Robins Co.,* 745 F.2d 312, 315 (4th Cir. 1984). The Supreme Court stated in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 507, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) that "[t]he principle of *forum non conveniens* is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute." In reaffirming and restating the doctrine, the Supreme Court stated that it applies " 'where trial in the plaintiff's chosen forum imposes a heavy burden on the defendant or the court, and where the plaintiff is unable to offer any specific reasons of convenience supporting his choice.' " *Ferruzzi Italia, S.p.A. v. Trade & Transport, Inc.,* 683 F.Supp. 131, 134–35 (D.Md.1988) (quoting *Piper Aircraft Co.,* 454 U.S. at 249, 102 S.Ct. 252). " '[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.' " *Id.* at 134 (quoting *Gulf Oil,* 330 U.S. at 508, 67 S.Ct.

839). The doctrine is particularly designed to prevent harassment of defendants. *See id.* at 135.

■ Although cited by Defendant, it does not appear that this is a case in which 28 U.S.C. § 1406(a) applies. Section 1406(a) states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The court is given a choice between dismissal and transfer and "is to transfer, rather than dismiss, only if it is in the interest of justice to do so." 15 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE § 3827 (2d ed.1986). Plaintiff can clearly establish that venue is proper in Maryland under 28 U.S.C. § 1391(a) because, contrary to Stallworth's assertion, a substantial part of the events giving rise to the claim occurred here. Therefore, because this is not an instance of a case "laying venue in the wrong division or district," the court need only analyze Stallworth's motion to dismiss or transfer under § 1404 and the doctrine of *forum non conveniens,* not § 1406.

### III. Analysis

The court in *Helsel* set out the convenience factors to be considered in analyzing a motion to dismiss under § 1404(a), including:

> "1) the plaintiff's choice of forum; 2) relative ease of access to sources of proof; 3) availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing and unwilling witnesses; 4) possibility of a view of the premises, if appropriate; 5) enforceability of a judg-

ment, if one is obtained; 6) relative advantage and obstacles to a fair trial; 7) other practical problems that make a trial easy, expeditious, and inexpensive; 8) administrative difficulties of court congestion; 9) local interest in having localized controversies settled at home; 10) appropriateness in having a trial of a diversity case in a forum that is at home with the state law that must govern the action; and 11) avoidance of unnecessary problems with conflicts of laws." *Choice Hotels Int'l, Inc. v. Madison Three, Inc.,* 23 F.Supp.2d 617, 622 n. 4 (D.Md.1998) (citing *Plant Genetic Sys., N.V. v. Ciba Seeds,* 933 F.Supp. 519, 527 (M.D.N.C.1996); *see Etienne v. Wolverine Tube, Inc.,* 12 F.Supp.2d 1173, 1182 (D.Kan.1998) (quoting *Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1516 (10th Cir.1991)).

*Helsel,* 198 F.Supp.2d at 711–12. Several of these factors are also to be taken into consideration with respect to the doctrine of *forum non conveniens. See Gulf Oil,* 330 U.S. at 508, 67 S.Ct. 839.

■ Stallworth asserts the existence of several such factors in this case. His primary contention is that the case should be dismissed or transferred to Mississippi because "[v]irtually all of the factual allegations in the complaint, and all of the facts which are relevant and material to the allegations in the complaint occurred in Mississippi." This argument is based on the presumption that many of the potential witnesses concerning these allegations are therefore located in Mississippi.[2] He argues that it would be unfair to require him to defend against these allegations in Maryland without being able to compel the attendance of witnesses in his defense.

---

**2.** Stallworth has submitted an affidavit with his motion to dismiss listing the names of

potential witnesses located in Mississippi.

Stallworth further contends that the only witnesses to the alleged incident in Maryland are Plaintiff and Stallworth himself. Additionally, Stallworth argues that by filing a complaint simultaneously in Mississippi state court, Plaintiff has acknowledged an ability to proceed in that forum.

Plaintiff, on the other hand, argues that the gravamen of her complaint is the assault, which occurred in Prince George's County, Maryland. She disputes Stallworth's contention that most of the potential witnesses live in Mississippi. While acknowledging that there may be witnesses to allegations propounded against the corporate defendants who live in Mississippi, Plaintiff argues that the majority of witnesses to the allegations propounded against Stallworth live in or near Maryland.[3] She identifies several such witnesses, including local law enforcement authorities and medical professionals. In addition, Plaintiff argues that, contrary to Stallworth's assertion, the filing of the simultaneous action in Mississippi state court does not negate Plaintiff's obvious choice of forum, which is her home state of Maryland. She states that to require her to litigate the case in Mississippi would impose a severe financial burden upon her and could ultimately force her to abandon her cause of action.

■ Maryland is an obvious choice of forum given that the alleged assault occurred here and that many of the witnesses likely are located here. Further, Maryland law likely will govern the claims against Stallworth arising from the torts allegedly committed here in August, 2001.[4] Stallworth has failed to demonstrate by a preponderance of the evidence that the "proposed transfer will better and more conveniently serve the interests of the parties and witnesses and better promote the interests of justice." *Helsel,* 198 F.Supp.2d at 711. While Stallworth has submitted an affidavit listing potential witnesses in Mississippi, that action is wholly insubstantial because the party seeking a change of venue must submit affidavits *from individual witnesses and/or parties involved* detailing to the court " 'why or to what extent he or she will be inconvenienced by . . . allowing the case to remain in the district where it was brought.' " *Id.* at 713 (quoting *Figgie Int'l,* 925 F.Supp. at 414). "Counsel's assertions of hardship, without affidavits from the parties and/or witnesses who are purportedly going to be inconvenienced, is insufficient to convince the court that venue should be changed." *Id.* Further, even if Stallworth provided explanations from individual potential witnesses detailing the inconvenience to them if the case remains in Maryland, Plaintiff will have the same problems if the case is transferred to Mississippi. The burden is on Stallworth, however, to prove that transfer to another venue would better promote the interests of justice. Stallworth has not sustained his burden to show, by the preponderance of the evidence, that transfer to Mississippi is in the interest of justice.

■ Additionally, Stallworth has not satisfied the court that the case should be dismissed under the doctrine of *forum non conveniens.* Plaintiff has offered specific reasons for maintaining the case in this

---

**3.** The other two defendants have answered the complaint and apparently are content to litigate the issues here, despite the parallel action in Mississippi.

**4.** The claims against the other defendants might turn on Mississippi law, but Stallworth should not be heard to complain on that account. In addition, witness depositions can be taken in Mississippi concerning the events that occurred in Mississippi prior to the encounter here in Maryland.

court, and Stallworth has not sufficiently shown that public and private interests strongly favor trial in an alternative forum. Further, no suggestion has been made that Plaintiff's intent in choosing this venue is to harass Stallworth or the other defendants, which is the primary reason for the application of this doctrine. *See Ferruzzi,* 683 F.Supp. at 135. Accordingly, Stallworth has not established that Plaintiff's case should be dismissed under *forum non conveniens.*

### III. Conclusion

For the foregoing reasons, the motion of Defendant Jeffrey Stallworth to dismiss this action or to transfer venue will be denied. A separate order will be entered.

### ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is this _____ day of December, 2002, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion of Jeffrey A. Stallworth to dismiss or, in the alternative, to transfer venue of the case, BE, and the same hereby IS, DENIED; and

2. The clerk will transmit copies of the Memorandum Opinion and this Order to counsel for the parties.

