STRONGHOLD SECURITY
LLC, et al., Plaintiffs

v.

SECTEK, INC., Defendant.

Civil No. AMD 08–233.

United States District Court,
D. Maryland.

Oct. 17, 2008.

Barron L. Stroud, Jr., Troy Alfred Wiley Priest, Brown and Sheehan LLP, Baltimore, MD, for Plaintiffs.

Andrew Butz, Bonner Kiernan Trebach and Crociata LLP, Washington, DC.

## MEMORANDUM OPINION and ORDER

ANDRE M. DAVIS, District Judge.

This diversity case arises from the failed efforts of three entities to secure and perform a government contract to provide security services at Army bases throughout the Eastern United States: plaintiffs Stronghold Security, LLC (Stronghold), and Secureone, Inc. (Secureone), and defendant Sectek, Inc. (SecTek). In a Memorandum Opinion and Order filed on May 24, 2008, I granted in part and denied in part SecTek's motion to dismiss certain counts of the complaint. Thereafter, SecTek impleaded third party defendant Financial Modeling Specialist, Inc. (FMS), which has moved to dismiss the third party complaint or, in the alternative, to transfer the entire case or the third party claims. Specifically, FMS asserts that, in consequence of a written agreement between itself and SecTek, venue as to the third party complaint does not lie in this district and the amended third party complaint should be dismissed. In the alternative, FMS requests that I(1) transfer the entire case, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Eastern District of Virginia, or, (2) sever the third party claim as allowed by Fed. R.Civ.P. 14(a)(4). For the reasons set forth within, the amended third party complaint is dismissed without prejudice.

## I.

Plaintiffs Stronghold and Secureone initiated this breach of contract action against SecTek on January 28, 2008. Stronghold, Secureone and SecTek collaborated to bid on a contract in response to a United States Army Request for Proposals. The bid was to provide security ser-

vices at several Army bases with SecTek as the general contractor and Stronghold and Secureone as subcontractors. SecTek submitted the winning bid in 2006.

By the end of March 2007, SecTek discovered serious errors in its proposal that resulted in significantly underpricing portions of the proposal. SecTek asked the Army to reform the contract at a higher price, the Army declined, and the Army terminated the contracts. Subsequently, Sectek terminated its subcontracts with Stronghold and Secureone, and the two subcontractors sued Sectek.

As mentioned above, SecTek filed a third party complaint against FMS, a financial modeling firm that SecTek hired to prepare the pricing information for its bid. SecTek alleges that FMS committed one or more significant programming and modification errors when it prepared the proposal. SecTek believes that these errors caused the under-pricing, and ultimately led to the Army's termination of SecTek's services and SecTek's termination of the subcontractors' services.

The contract between SecTek and FMS contains a forum selection clause, which states, in pertinent part:

> The construction and interpretation of this Agreement shall at all times and in all respects be governed by the laws of the Commonwealth of Virginia. The parties agree that any dispute arising from or concerning this agreement shall be decided in the General or Circuit Courts of Fairfax County, Virginia, or in the United States District Court for the Eastern District of Virginia.

(Ex. 1 to EMS's Mot. to Dismiss, at 7). The forum selection clause applies to this case, and, specifically to the litigation between SecTek and FMS.[1]

## II.

Under the doctrine of ancillary venue, third party defendants do not have standing to challenge the venue of the primary action. *One Beacon Ins. v. JNB Storage Trailer Rental Corp.*, 312 F.Supp.2d 824, 828–29 (E.D.Va.2004). Such defendants may, however, seek a transfer of an action under 28 U.S.C. § 1404(a), because a motion to transfer is not a defense that venue is improper. *Id.* at 829. The decision whether to transfer an action under § 1404(a) is committed to the sound discretion of the district court. *Verosol B.V. v. Hunter Douglas, Inc.*, 806 F.Supp. 582, 591 (E.D.Va.1992).

Under § 1404(a), a district court may transfer any civil action, in its entirety, to any other district or division where it might have been brought for the convenience of parties and witnesses and in the interest of justice. 28 U.S.C. § 1404(a); *Helsel v. Tishman Realty & Const. Co.*, 198 F.Supp.2d 710, 711 (D.Md.2002). First, the moving party has the burden to show that transfer to another forum is proper. *Lynch v. Vanderhoef Builders*, 237 F.Supp.2d 615 (D.Md.2002). Second, the moving party must show that the balance of factors weigh strongly in favor of the defendant. *Cross v. Fleet Reserve Ass'n Pension Plan*, 383 F.Supp.2d 852 (D.Md.2005) (citing *Collins v. Straight Inc.*, 748 F.2d 916, 921 (4th Cir.1984)).

---

1. SecTek attempts to persuade the court that the forum selection clause is inapplicable or ambiguous because the contract does not explicitly include third party claims. This contention lacks merit. The language, "any dispute arising from or concerning this agreement" plainly encompasses the disputes presented in this case. Manifestly, although the forum selection clause does apply to the disputes underlying the third party claims, it does not trump plaintiffs' interest in selecting the venue of their choice. *See infra* note 2.

■ The convenience factors that courts consider under § 1404(a) are well-known and long-settled. Along with the interest of justice, they include:

1) the plaintiff's choice of forum; 2) relative ease of access to sources of proof; 3) availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing and unwilling witnesses; 4) possibility of a view of the premises, if appropriate; 5) enforceability of a judgment, if one is obtained; 6) relative advantage and obstacles to a fair trial; 7) other practical problems that make a trial easy, expeditious, and inexpensive; 8) administrative difficulties of court congestion; 9) local interest in having localized controversies settled at home; 10) appropriateness in having a trial of a diversity case in a forum that is at home with the state law that must govern the action; and 11) avoidance of unnecessary problems with conflicts of laws.

*Helsel,* 198 F.Supp.2d at 711–712 (quoting *Choice Hotels Int'l, Inc. v. Madison Three, Inc.,* 23 F.Supp.2d 617, 622 n. 4 (D.Md. 1998)).

### III.

■ An analysis under § 1404(a) is a two-step process; the court must (1) determine whether the proposed transferee court is one where the action might have been brought; and (2) weigh the convenience factors listed above. Here, the first element is satisfied, as all parties concur that this case could have been brought in the United States District Court for the Eastern District of Virginia.

■ The convenience factors are not as clear cut. The fact that the plaintiffs decided to file this case in Maryland is "entitled to substantial weight." *Cross,* 383 F.Supp.2d at 856. Plaintiff Stronghold is a Maryland corporation with its principal place of business in Maryland. Although

Secureone has scant contacts with Maryland, plaintiff Stronghold executed its subcontract in Maryland for the purpose of performing work in Maryland, and it performed work in Maryland.

Furthermore, either Maryland or Virginia offers relatively easy access to sources of proof. On one hand, FMS asserts that its officers, documentation and personnel are in or near its Virginia's offices, and that most communication among the parties filtered through its Virginia office. SecTek, which apparently would be happy to have the case transferred, adds that its officers and documents are also in Virginia. On the other hand, plaintiff Stronghold's officers, documentation and personnel are located in Maryland, and any preparation for its performance was conducted in Maryland. This factor does not weigh heavily for either party.

The availability of compulsory process for unwilling witnesses and the cost of obtaining attendance of all witnesses also presents a close issue. Although movant (and SecTek) claim that many witnesses are located in Virginia, FMS did not identify any witness residing outside of the district of Maryland who would be substantially inconvenienced by trial or discovery in the state of Maryland. Moreover, even if some witnesses reside outside Maryland, the geographic proximity between the District of Maryland and the Eastern District of Virginia makes any inconvenience relatively slight. Although SecTek claims that this court may lack subpoena power over some potential witnesses from Fort Eustis, Virginia, the mere theoretical possibility that such a witness exists does not persuade this court.

The interest in having local controversies settled at home is inapplicable to the primary litigation, since the controversy is not local. Furthermore, SecTek's argu-

ment that Virginia courts are better equipped to handle this case is premature, as choice of law has not yet been determined. Even if Virginia law is ultimately deemed controlling, this court is amply equipped to identify and to apply that law in its handling of this case.

The court must also consider the interest of justice, including the implications of the forum selection clause in the contract between FMS and SecTek. As discussed below, this clause is valid and applicable to this litigation. The forum selection clause, however, militates more strongly for severance than it does for a transfer. Plaintiffs should not lightly be forced from their selected forum due to a contract provision that pertains exclusively to third parties.

In sum, plaintiffs have a strong interest in litigating in the forum of their choice, and the remaining convenience factors are not strong enough to overcome that interest. FMS (and SecTek) have not carried the burden to demonstrate that the balance of factors weighs strongly in favor of transfer. Although this case could have been brought in the Eastern District of Virginia, the witnesses, evidence, and other fairness factors do not tip the scales sufficiently in favor of transferring this case. Accordingly, the motion to transfer the entire litigation to the United States District Court for the Eastern District of Virginia is DENIED.

## IV.

■ As explained above, it is not appropriate to transfer this case. Nevertheless, a court may properly sever a third party complaint in some circumstances. *See* Fed.R.Civ.P. 14(a)(4) ("Any party may move to strike the third-party claim, to sever it, or to try it separately."); *Shockley v. Hoechst Celanese Corp.*, 132 F.R.D. 429, 432 (D.S.C.1990). Here, in light of the absence of complete diversity of citizenship between SecTek and FMS, the Circuit Court for Fairfax County, Virginia, is the only court with jurisdiction over SecTek's claims against FMS. Only state law claims are asserted in the third party complaint; thus, federal question jurisdiction is unavailable.[2]

■ A forum selection clause is generally binding and should be enforced unless the party seeking to void it can "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *see also Sterling Forest Associates, Ltd. v. Barnett–Range Corp.*, 840 F.2d 249, 251 (4th Cir.1988) ("Forum selection clauses are *prima facie* valid and should be enforced when made in arms-length transactions by sophisticated businessmen, absent some compelling and countervailing reason."). The forum selection clause between FMS and SecTek satisfies these requirements and applies to

**2.** Indeed, while SecTek's amended third party complaint contains counts for indemnification and contribution, and thus asserts traditional *third party claims, see* Fed.R.Civ.P. 14(a)(1), the amended complaint alleges four other primary claims, e.g., breach of contract, as to which SecTek seeks damages above and beyond any claim for indemnification or contribution. Accordingly, the action brought by SecTek against FMS is in actuality an original action plainly encompassed by the forum selection clause in their agreement.

I have considered the appropriateness of retaining jurisdiction over the indemnity and contribution claims asserted by SecTek and dismissing the remaining breach of contract, professional negligence and Virginia statutory claims. For certain, however, SecTek and FMS would find such slicing and dicing of their dispute unacceptable, and to do so would most assuredly run counter to any commonsense notion of judicial economy. Accordingly, that possibility has been rejected.

this litigation. Deferring to a Virginia forum clearly comports with the expectations of both parties.

Additionally, it seems that both of the third party litigants concede that it would be more convenient to try the third party claims in Virginia. SecTek, although it would prefer to litigate the entire case in either Maryland or Virginia, states that all of the events surrounding the allegations of the amended third party complaint occurred in Virginia, and that all of the evidence surrounding SecTek's proposal to the RFP, the Pricing Model, and FMS's maintenance of the Pricing Model is located in Virginia. SecTek's contention that adjudicating the third party claim would save time and money for all parties is self-serving, especially in light of the fact that neither the plaintiffs nor the third party defendant object to severing the third party claim.

### V.

For the reasons stated, the amended third party complaint is DISMISSED WITHOUT PREJUDICE.